Salvador AVILA–OCAMPO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70554.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Glenn A. Rose, Esq., Rose Law Firm, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Salvador Avila–Ocampo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Avila–Ocampo failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005). Avila–Ocam-

po's contention that the agency deprived him of due process by finding that he failed to establish exceptional and extremely unusual hardship does not state a colorable due process claim. *See id.* at 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Avila–Ocampo's contentions that the case should be remanded under *Lanza v. Ashcroft*, 389 F.3d 917, 924 (9th Cir.2004) and that the BIA violated his due process rights by affirming without opinion are unavailing. Contrary to Avila–Ocampo's contentions, the BIA did not affirm the IJ's decision without opinion, but rather specifically dismissed his appeal on the ground that he failed to establish the requisite hardship. *Cf. Lanza*, 389 F.3d at 924 (remanding where it was unclear whether the BIA affirmed on a reviewable or unreviewable ground).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.